UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIE R. GRIFFIN,<br><br>        Plaintiff,<br><br>        v.<br><br>MICROPHONE MEN OF THE INVESTIGATION, et al.,<br><br>        Defendants. | Civil Action No. 19-11778-LTS |

ORDER

August 21, 2019

SOROKIN, D.J.

    Pro se plaintiff Willie Rogers Griffin, who has provided a mailing address in Los Angeles, California, has filed a complaint against the "Microphone Men of the Police," "Police Department," "City Hall," and "Custom Car Shop," all of which are located in Los Angeles. Griffin also filed a motion for leave to proceed in forma pauperis and a motion to administer a polygraph test of the defendants.

    Upon review of these documents, the Court hereby orders:

    1.    The motion for leave to proceed in forma pauperis is DENIED WITHOUT PREJUDICE as incomplete. In his motion, Griffin indicates that he is employed but he does not identify his employer or the amount of his employment income. In addition, he does not indicate whether he has any cash or money in a checking or savings account. Without this information, the Court cannot determine whether he is unable to pay the $400 filing fee.

    2.    This action shall be DISMISSED. Exercising its inherent authority to conduct a preliminary review of a complaint, see Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.,

771 F.2d 5, 11 n.5 (1st Cir. 1985), the Court concludes that Griffin has failed to state a claim upon which relief may be granted.  To state a claim for relief a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  Id. (quoting Educadores, 367 F.3d at 68).

Here, Griffin's complaint does not set forth a short and plain statement showing that he is entitled to relief.  In his brief statement of his claim, Griffin represents that he is suing a non-defendant hardware store for the sale of a defective wheel and for "robbery for $100 million dollar[s]." Compl. at 4.  He states that his is suing the police department for harassment and conducting an illegal investigation, and he seeks $100 trillion in damages from that defendant.  Seeking $20 billion in damages, Griffin also claims that the car shop is responsible for "robbery, and G T A for not giv[ing] [him his] car."  Id.  His complaint, which does not contain any other factual allegations, fails to provide the defendants with fair notice of their alleged misconduct.

The Court also notes that venue is does not exist in the District of Massachusetts.  None of the defendants appear to be residents of Massachusetts, and a substantial part of the events or omissions giving rise to the claim did not occur within the District of Massachusetts.  See 28 U.S.C. § 1391(b).

3.  The motion for administration of a polygraph test is DENIED AS MOOT.

SO ORDERED.

      /s/ Leo T. Sorokin
      UNITED STATES DISTRICT JUDGE